UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEMUEL LINDSEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-369 |
| | § | |
| WARDEN BOWERS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Pending before the Court are Petitioner's Motion for Leave to File Amended Complaint, Motion for Appointment of Counsel and Motion for Polygraph. (DE 20, DE 21, DE 22). For the reasons stated below, these motions are **DENIED**.

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Montford Unit in Lubbock, Texas. Proceeding *pro se,* he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction for retaliation. (DE 1). Respondent filed a motion for summary judgment on April 11, 2013, which the undersigned, in an August 23, 2013 Memorandum and Recommendation ("M & R"), recommended be granted and Petitioner's application for habeas corpus relief be denied. (DE 15 and DE 18). On August 23, 2013, Petitioner filed objections to the M & R. (DE 19). The three pending motions were filed on August 26, 2013. (DE 20, DE 21 and DE 22).

Petitioner's Motion for Leave to File Amended Complaint is characterized by the Court as grievance against a police officer as Petitioner states he wishes to file a

complaint against Officer Gabriel Garcia for falsifying documents and evidence. Officer Garcia's is the arresting officer who testified about Petitioner's threats of retaliation in the state court action. (See DE 18, Pages 2-3). The pending case is not the proper forum for this grievance. Further, this Motion repeats Petitioner's pending objection to the M & R that Officer Garcia's testimony is false and hearsay. Accordingly, this Motion is **DENIED**.

Petitioner next requests the Court to appoint counsel. There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, the request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing. Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. *See* Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n.1 (5th Cir. 1995). Therefore, Petitioner's motion for the appointment of counsel is **DENIED** without prejudice.

Lastly, Petitioner requests the Court order a polygraph test, although it is unclear whether the Petitioner wishes to take the test himself or Officer Garcia. With either interpretation, the result is the same. A habeas petitioner is generally not entitled to

discovery.  Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); *see also United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted).  The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).  Further, it has long been the rule that the results of polygraph testing are not admissible for any purpose. *United States v. Scheffer*, 523 U.S. 303 (1998); *Nethery v. State*, 692 S.W.2d 686 (Tex. Cr. App. 1981); *Fernandez v. State*, 564 S.W.2d 771 (Tex. Cri. App. 1978).

For the reasons state above, Petitioner's Motion for Leave to File Amended Complaint, Motion for Appoint of Counsel and Motion for Polygraph (DE 20, DE 21, DE 22) are **DENIED**.

ORDERED this 6th day of September, 2013.

_____
Jason B. Libby

United States Magistrate Judge