UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEMUEL LINDSEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-369 |
| | § | |
| WARDEN BOWERS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Petitioner's second Motion for a Polygraph Test. (DE 24). This Motion is **DENIED**.

A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); *see also United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting *Ward v.*

*Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). Further, it has long been the rule that the results of polygraph testing are not admissible for any purpose. *United States v. Scheffer*, 523 U.S. 303 (1998); *Nethery v. State*, 692 S.W.2d 686 (Tex. Cr. App. 1981); *Fernandez v. State*, 564 S.W.2d 771 (Tex. Cri. App. 1978).

ORDERED this 17th day of September, 2013.

                                                Jason B. Libby
                                     United States Magistrate Judge